United States District Court
Southern District of Texas
**ENTERED**
February 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE BOUCHARD TRANSPORTATION CO., INC., *et al.*, <br><br> Debtors, <br><br>―――――――――――――――― <br><br> MORTON S. BOUCHARD, III, *et al.*, <br><br> Appellants, <br> v. <br><br> BOUCHARD TRANSPORTATION CO., INC., *et al.*, <br><br> Appellees. | § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. H-21-2937 <br> BANKRUPTCY CASE NO. 20-34682 |

## MEMORANDUM AND ORDER

For over a century, Bouchard Transportation Co., Inc. provided oil and petroleum transportation services along the East and Gulf Coasts of the United States. In September 2020, the financial impact of the COVID-19 pandemic caused the company and 51 affiliated debtors to file for bankruptcy under Chapter 11 of the Bankruptcy Code.

The company's chief executive officer, Morton Bouchard, together with his wife and the family trust, had a significant interest in the bankruptcy proceedings. Mr. Bouchard had loaned the company over $40 million. Mr. Bouchard continued to serve as CEO and sole officer of the company during the first 5 months of the bankruptcy proceedings. In February 2021, however, the bankruptcy court found that Mr. Bouchard had impeded the Chapter 11 process, ordered Mr. Bouchard removed from his posts in the company, and appointed a chief restructuring officer to act on behalf of the debtors during the remainder of the bankruptcy proceedings.

The debtors filed a proposed plan for Chapter 11 reorganization with the bankruptcy court on August 23, 2021. The primary issue in dispute before the bankruptcy court was whether the Plan's exculpation clause was too broad. Mr. Bouchard agreed that the exculpation clause should cover debtors, the creditors' committee and its members, and the trustees and its members for conduct within the scope of their duties in the bankruptcy. But Mr. Bouchard objected to the breadth of the clause because it released non-debtors and other third parties and entities. Mr. Bouchard also objected to the provision for an injunction to enforce the exculpation provisions by prohibiting litigation against the exculpated parties.

Over Mr. Bouchard's objections, the bankruptcy court confirmed the debtors' proposed plan. Mr. Bouchard appealed the confirmation. This appeal presents two issues: is Mr. Bouchard's objection at this stage equitably moot, and, if not, is the exculpation clause overly broad in the categories of third parties it releases from liability?

In the bankruptcy context, "'mootness' is not an Article III inquiry as to whether a live controversy is presented; rather, it is a recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in reorganization actions." *In re Manges*, 29 F.3d 1034, 1038–39 (5th Cir. 1994). The Fifth Circuit has "historically examined three factors" in determining whether equitable mootness applies: "(i) whether a stay has been obtained, (ii) whether the plan has been 'substantially consummated,' and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan." *Id.* at 1039.

Here, the first two factors weigh in favor of the debtors and against Mr. Bouchard. No stay was sought or obtained, and the Plan was substantially consummated. The issue is whether the relief Mr. Bouchard seeks—a narrowing of the third parties covered by the exculpation clause— may nonetheless proceed. Mr. Bouchard relied on *In re Pacific Lumber*, 584 F.3d 229 (5th Cir.

2009), which allowed review of an exculpation clause, even though no stay had been obtained and the plan had been substantially consummated. *Id.* at 243. The court used broad language, that Mr. Bouchard emphasized, stating that "[e]quitable mootness should protect legitimate expectations of parties to bankruptcy cases but should not be a shield for sharp or unauthorized practices." *Id.* at 244 n.19.

The debtors attempted to distinguish *Pacific Lumber* as "stand[ing] for the far more modest proposition that two of the five parties defined as "exculpated parties" in that plan's exculpation provision could not rely on § 524(e) of the Bankruptcy Code to justify that provision as to them, but that bankruptcy courts could "approv[e] exculpation provisions pursuant to other Code provisions, including §105(a) or §1123(b)(6)." (Docket Entry No. 15 at 60).

In March 2022, the Fifth Circuit heard oral argument in *NexPoint Advisors, L.P. v. Highland Capital Management*, 48 F.4th 419 (5th Cir. 2022), *petition for cert. filed*, No. 22-631 (U.S. Jan. 5, 2023).[1] *Highland* dealt with similar challenges to an exculpation clause that released third parties and an equitable mootness issue. The debtors in this case requested, and the court granted, a stay pending the Fifth Circuit's decision in *Highland*. (Docket Entry Nos. 22, 29). When the Fifth Circuit issued its opinion in *Highland* a few months later, this court reopened the bankruptcy appeal, and the parties provided excellent supplemental briefs and oral argument on the impact of that decision. (Docket Entry Nos. 36, 37, 38, 39, 42).

Although the *Highland* plan has been substantially consumated, and despite the absence of a stay, the *Highland* court held that equitable mootness did not bar review of the exculpation clause

---

[1] The Fifth Circuit initially issued its decision in *Highland* on August 19, 2022. The panel granted a petition for rehearing, withdrew the August opinion, and issued a new opinion on September 7, 2022. On November 3, 2022, Highland Capital submitted to Justice Alito an application for an extension of time to file a petition for a writ of certiorari. Justice Alito granted the application on November 8, 2022. The *Highland* petition for a writ of certiorari was filed on January 5, 2023, and the response is due on February 8, 2023.

because "equity strongly supports appellate review of issues consequential to the integrity and transparency of the Chapter 11 process" and "the goal of finality sought in equitable mootness analysis does not outweigh a court's duty to protect the integrity of the process." *Highland*, 48 F.4th at 431. The Fifth Circuit rejected the same arguments the debtors make here as to §§ 105(a) and 1123(b)(6). "[I]n this circuit, § 105(a) provides no statutory basis for a nondebtor exculpation. And the same logic extends to § 1123(b)(6), which allows a plan to 'include any other appropriate provision not inconsistent with the applicable provisions of this title.'" *Id.* at 437.

The debtors attempt to distinguish *Highland* on several grounds. The debtors argue that "this appeal remains equitably moot in light of the Non-Severability Provision in the Plan here, which distinguishes this case from both *Highland* and *Pacific Lumber*." (Docket Entry No. 38 at 3).

The non-severability clause in the approved Plan states:

> Except as set forth in Article X of the Plan, the provisions of the Plan, including its release, injunction, exculpation and compromise provisions, are mutually dependent and non-severable. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan is: (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the consent of the Debtors; and (3) non-severable and mutually dependent, provided that, notwithstanding the inclusion of the Asset Purchase Agreements or any documents ancillary thereto in the Plan Supplement, the Sale Transactions contemplated in the Asset Purchase Agreements are each severable from the Plan and the Confirmation Order, and the non-Confirmation or non-Consummation of the Plan shall not require or result in the voiding, rescission, reversal, or unwinding of the Sale Transactions contemplated in the Asset Purchase Agreements or the revocation of the Debtors' authority under the Sale Orders to consummate such Sale Transactions.

(ROA.6013).

The debtors point out that neither the *Highland* nor *Pacific Lumber* opinions noted the existence of a non-severability provision in the plans those courts considered. But the publicly available record in *Highland* reveals that the plan confirmed in that case also contained a non-

4

severability clause: "The Confirmation Order shall have become a Final Order and shall be in form and substance reasonably acceptable to the Debtor and the Committee. The Confirmation Order shall provide that, among other things . . . the provisions of the Confirmation Order and this Plan are nonseverable and mutually dependent." Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as modified) (Docket Entry No. 1943 at 142), *In re Highland Capital Management*, No. 3:19-bk-34054 (Bankr. Ct. N.D. Tex. Feb. 22, 2021). The existence of a similar non-severability provision in the *Highland* record removes that basis for distinguishing the present case.

As to the merits, the *Highland* court recognized a circuit split as to whether and which third parties may be exculpated. "[The Fifth Circuit] along with the Tenth Circuit hold § 524(e) categorically bars third-party exculpations absent express authority in another provision of the Bankruptcy Code. By contrast, the Ninth Circuit joins the Second, Third, Fourth, Sixth, Seventh, and Eleventh Circuits in reading § 524(e) to allow varying degrees of limited third-party exculpations." *Highland*, 48 F.4th at 436. The Fifth Circuit held that the exculpation provision could cover only (1) the debtor and related entities, (2) the unsecured creditors committee and its members, and (3) the independent directors. *Id. Highland* drew a bright-line rule: "In sum, [Fifth Circuit] precedent and § 524(e) require any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties and the trustees within the scope of their duties." *Highland*, 48 F.4th at 438.

The appellants in *Highland* have petitioned for a writ of certiorari in the United States Supreme Court. The Supreme Court may very well resolve this circuit split. Unless and until that occurs, this court is, of course, bound by *Highland*; the clause Bouchard objects to here is very similar to the clause the Fifth Circuit found overbroad in that case. Applying *Highland*, the court

5

reverses the Bankruptcy Court's Confirmation Order only to the extent that it approved the exculpation provision releasing a broad range of third parties and entered the related injunction provision. The case is remanded the Bankruptcy Court to allow it to modify the plan, which was approved before *Highland* issued, in accordance with the Fifth Circuit's opinion in *Highland* and this order.

SIGNED on February 7, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge